UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRANK D. PANGALLO,

        Plaintiff,

   v.                                  CAUSE NO. 3:22-CV-383-DRL-MGG

WELLPATH *et al.*,

        Defendants.

OPINION AND ORDER

Frank D. Pangallo, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Pangallo proceeds without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Pangallo is a pretrial detainee at the St. Joseph County Jail. He alleges that when he arrived at the jail on December 28, 2021, he had a back injury, an injury to his arm, "kidney issues," a broken clavicle, and a fractured tailbone. He was apparently

seeing outside physicians for these issues. He claims that he put in multiple medical requests at the jail and was ultimately seen by Dr. Foster (first name unknown). He says Dr. Foster prescribed a number of medications but refused all his "outside" medications. He further claims that he needs surgery, an MRI, and x-rays, which have not been provided. Based on these events, he sues Dr. Foster, Wellpath (Dr. Foster's employer), and Warden Russell Olmstead, seeking $1.5 million in damages and other relief.

Because Mr. Pangallo is a pretrial detainee, his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pretrial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, pretrial detainees are entitled to constitutionally adequate medical care. *Miranda*, 900 F.3d at 353-54. To state a claim for the denial of medical care, a detainee must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" related to the provision of medical care, and that the medical care received, or the denial of medical care, was "objectively unreasonable." *Id.* In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and allegations of negligence—even gross negligence—do not suffice. *Miranda*, 900 F.3d at 353.

Mr. Pangallo alleges generally that there was a delay in his receipt of treatment for several preexisting conditions, but he does not clearly say who he complained to, what information he conveyed, or what symptoms he was experiencing for the court to infer

2

that the delay was objectively unreasonable under the circumstances.[1] Merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). He attaches a number of health care requests and grievances in which he complained about his need for treatment, but the earliest of them is dated January 23, 2022, approximately a month after his arrival. (ECF 1-1 at 2.) He complained about pain, burning, and tingling in his arm, and was told by a nurse on February 2, 2022, that he had been "added to the list to see the doctor." Other attachments reflect that he was seen by the doctor the following day, and that a follow-up appointment was scheduled for March 2022. (ECF 1-1 at 5, 9.)

It is also evident from his allegations that he has been prescribed various medications for his conditions. Other than saying he is not receiving all of the same medications he was receiving prior to his incarceration, he does not explain how his medication regimen is constitutionally inadequate. Dr. Foster is entitled to exercise his own medical judgment regarding Mr. Pangallo's care and his need for medication. There is nothing to indicate Dr. Foster was the cause of any delay in treatment, or that the doctor has otherwise acted in an objectively unreasonable fashion in connection with his treatment decisions.

---

[1] The court considers that Mr. Pangallo claims to have mental health problems. However, his complaint is fully coherent; he just doesn't elaborate on many of his general allegations.

Mr. Pangallo believes he should have diagnostic testing and surgery, but he does not link this allegation to a specific medical issue or explain what symptoms he is experiencing for the court to infer plausibly that the absence of diagnostic testing and surgery is objectively unreasonable under the circumstances. Additionally, it is evident from one of the attachments that he was prescribed a new medication in late April 2022 and that the doctor is waiting to see if this improves his condition before recommending additional treatment. (ECF 1-1 at 11.) His complaint was filed only a few weeks after starting this new medication. Mr. Pangallo appears to believe jail medical staff had an obligation to ensure he was taken to all the outside doctors' appointments he had scheduled prior to his incarceration, but that is not the standard. To state a Fourteenth Amendment claim, Mr. Pangallo must allege that the treatment he has been provided by jail medical staff is objectively unreasonable. *Miranda*, 900 F.3d at 353-54. He has not done so.

He also sues Dr. Foster's employer, Wellpath, but there is no general *respondeat superior* liability under 42 U.S.C. § 1983, which means Wellpath cannot be held liable solely because it employs Dr. Foster or other medical staff at the jail. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company providing medical care at a county jail can be sued under 42 U.S.C. § 1983 for constitutional violations as set forth in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). But such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of the official policy requirement is to

4

"distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021); *see also Dixon v. Cnty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (*Monell* requires a plaintiff to show that an official policy "was the 'moving force' behind his constitutional injury"). Mr. Pangallo does not outline any wrongdoing by Wellpath or link an injury he suffered to an official policy or custom of Wellpath. He has not alleged a plausible Fourteenth Amendment claim against this corporate defendant.

Finally, he sues the Warden. He does not mention the Warden in the narrative section, and his claim appears to be based on the fact that the Warden responded to some of the grievances he filed about his medical care. (ECF 1-1 at 8.) Specifically, on February 3, 2022, the Warden stated: "I checked and it appears that your grievances have been answered by Wellpath."[2] As noted, another attachment reflects that Mr. Pangallo was seen by a doctor that same day. (ECF 1-1 at 5.) Liability under 42 U.S.C. § 1983 is based on personal responsibility, and the Warden cannot be held liable for the misdeeds of doctors or other staff at the jail. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). As a non-medical staff member, the Warden was entitled to defer to medical professionals regarding the proper course of treatment for Mr. Pangallo's conditions. *Id*. There is nothing in the complaint from which the court can plausibly infer that the Warden knew that the treatment he was receiving was inadequate. If Mr. Pangallo is complaining that

---

[2] Mr. Pangallo also complained about needing mental health treatment, and as to that issue the Warden stated: "I will fill out a mental health form for Oaklawn to get you seen." (ECF 1-1 at 8.) Mr. Pangallo has filed a separate lawsuit regarding his mental health treatment. *See Pangallo v. Oaklawn, et al.*, 3:22-CV-383-DRL-MGG (N.D. Ind. filed May 13, 2022.)

the Warden mishandled his grievances, this does not give rise to a cognizable constitutional claim. *Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016) (the Constitution does not require that prisons provide a grievance procedure, and the existence of an internal grievance procedure does not create any constitutionally guaranteed rights). He has not alleged a plausible constitutional claim against the Warden.

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim related to his medical treatment at the jail, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **June 17, 2022**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

May 17, 2022                              *s/ Damon R. Leichty*
                                                                    Judge, United States District Court