UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRANK D. PANGALLO,

        Plaintiff,

   v.                                        CAUSE NO. 3:22-CV-383-DRL-MGG

WELLPATH *et al.*,

        Defendants.

OPINION AND ORDER

Frank D. Pangallo, a prisoner without a lawyer, was granted an opportunity to file an amended complaint after the court concluded that his original complaint did not state a viable constitutional claim against any defendant. He has now filed an amended complaint. (ECF 5.) He also moves for leave to proceed *in forma pauperis*. (ECF 6.) However, the court already granted him leave to proceed *in forma pauperis* based on his earlier motion. (ECF 2, 3.) His motion will be denied as unnecessary.

Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Pangallo is

proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Pangallo is a pretrial detainee at the St. Joseph County Jail. As with his original complaint, he complains about treatment he is receiving for preexisting medical issues he had when he arrived at the jail on December 28, 2021. Specifically, he alleges that he had a back injury, an injury to his arm, "kidney issues," a broken clavicle, and a broken tailbone. He alleges that he informed an unnamed nurse of these issues upon his arrival at the jail, but he claims she failed to fill all of the prescriptions he had an outside pharmacy and did not ensure that he was taken to prescheduled medical appointments with outside providers. He also claims that he has ongoing issues with his right arm caused by a stabbing injury, and that he is currently experiencing numbness and pain. He claims that his requests for care for his arm have been ignored, and he is concerned there may be permanent damage if the arm is not treated. He further states that he was prescribed Prednisone for another unspecified medical issue, but there was allegedly a week-long delay in getting the medication started. Based on these events, he sues Wellpath Health Care, the private company that provides medical staff at the jail, and "Wellpath Nursing Staff," seeking $1.5 million in monetary damages and injunctive relief.

Because Mr. Pangallo is a pretrial detainee, his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pretrial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, pretrial

detainees are entitled to constitutionally adequate medical care. *Miranda*, 900 F.3d at 353-54. To state a claim for the denial of medical care, a detainee must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" related to the provision of medical care, and that the medical care received, or the denial of medical care, was "objectively unreasonable." *Id.* In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and allegations of negligence—even gross negligence—do not suffice. *Miranda*, 900 F.3d at 353.

Many of Mr. Pangallo's allegations are again quite general. Merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). As the court previously told him, the mere fact that he hasn't been given all the same medications he was taking prior to his incarceration or wasn't taken to prescheduled appointments with his outside doctors doesn't give rise to a constitutional violation. *Miranda*, 900 F.3d at 353-54. He also doesn't provide any detail about why he was prescribed Prednisone or the circumstances leading to the delay for the court to conclude that a one-week delay in starting this medication was objectively unreasonable under the circumstances.

Additionally, he has not named a proper defendant from whom he could seek damages for engaging in objectively unreasonable conduct with respect to his medical

3

treatment. As to Wellpath, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, which means Wellpath cannot be held liable solely because it employs medical staff at the jail. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company providing medical care at a county jail can be sued under 42 U.S.C. § 1983 for constitutional violations as set forth in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). But such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Mr. Pangallo does not link an injury he suffered to an official policy or custom of Wellpath, and he has not alleged a plausible Fourteenth Amendment claim against this corporate defendant. Likewise, "Wellpath Nursing Staff" appears to be a group of people working at the jail, not a "person" or suable entity that can be held liable for constitutional violations under 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

Nevertheless, the complaint can be read to allege that Mr. Pangallo is currently not receiving adequate treatment for an arm injury he suffered before his arrival at the jail. He alleges that he has ongoing pain and numbness in his arm but is not getting any treatment for these issues. Given the allegedly serious nature of the injury, he is concerned this may cause permanent damage to his arm. Such allegations plausibly

4

allege the denial of his right to adequate medical care under the Fourteenth Amendment. The Jail Warden has both the authority and the responsibility to ensure that inmates at his facility are provided constitutionally adequate medical treatment as required by the Fourteenth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011); *see also Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016) ("[T]he constitutional duty under the Eighth and Fourteenth Amendments to provide adequate health care rests on the custodian."). Therefore, Mr. Pangallo will be allowed to proceed on a claim against the Warden in his official capacity for injunctive relief related to his ongoing need for medical care for an injury to his arm.

For these reasons, the court:

(1) DIRECTS the clerk to add the St. Joseph County Jail Warden as a defendant;

(2) GRANTS the plaintiff leave to proceed on an official capacity claim against the St. Joseph County Jail Warden under the Fourteenth Amendment to obtain constitutionally adequate medical care for an injury to his right arm;

(3) DISMISSES all other claims;

(4) DISMISSES Wellpath Health Care and Wellpath Nursing Staff as defendants;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the St. Joseph County Jail Warden at the St. Joseph County Jail and to send him a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the St. Joseph County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available;

(7) ORDERS the Warden to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order; and

(8) DENIES as unnecessary the motion to proceed *in forma pauperis* (ECF 6).

SO ORDERED.

July 1, 2022                                                    *s/ Damon R. Leichty*
                                                                 Judge, United States District Court